IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FLORIDALMA MIRANDA-OROZCO,

Petitioner,

vs.

MARKWAYNE MULLIN, In his Official Capacity as Secretary of the Department of Homeland Security, et al.,

Respondents.

8:26-CV-463

MEMORANDUM AND ORDER GRANTING WRIT OF HABEAS CORPUS

The petitioner has filed a petition for a writ of habeas corpus, seeking immediate release from U.S. Immigration and Customs Enforcement custody, or in the alternative a custody redetermination and bond hearing. Filing 1. The Court will grant the petition and order the petitioner's release.

## BACKGROUND

The petitioner is a citizen of Guatemala who entered the United States near Romo, Texas on February 28, 2018. Filing 8 at 3. She was encountered by the Border Patrol on March 2 and processed for expedited removal, but she claimed a fear of being removed to Guatemala. Filing 8 at 3; filing 8-1; filing 8-2; filing 8-3. On April 5, she was released on $2,500 bond. Filing 8 at 3-4; filing 8-4; filing 8-5. On April 23, 2019, she applied for asylum and withholding of removal. Filing 8 at 4. On May 15, 2024, the immigration judge dismissed the removal proceedings on the petitioner's motion. Filing 8 at 4; filing 8-6. The petitioner's immigration bond was canceled. Filing 8 at 4; filing 8-7.

On June 26, 2025, ICE found the petitioner in the Platte County Jail when she was arrested after a traffic stop. Filing 8 at 4; filing 8-8. She was

transferred to ICE custody the next day. Filing 8 at 4; filing 8-9; filing 8-14. The record doesn't indicate how or whether any state charges were disposed of.

On July 24, 2025, an immigration judge denied the petitioner's request for custody redetermination, stating only that the immigration court "lacked authority," citing 8 U.S.C. § 1225(b)(2)(A), or "[i]n the alternative – danger to the community." Filing 8 at 4; filing 9-10. On September 22, the petitioner's applications for asylum and withholding of removal were denied and she was ordered removed to Guatemala. Filing 8 at 4; filing 8-11. On October 9, she filed an appeal with the Board of Immigration Appeals, which apparently remains pending. *See* filing 8 at 4; filing 8-12.

On April 23, 2026, the petitioner requested a bond redetermination hearing, but the immigration judge denied bond, finding that the immigration court lacked jurisdiction to release the petitioner or, in the alternative, that the petitioner was a flight risk because she had been ordered removed to Guatemala, and a threat to public safety because of her alleged criminal history. Filing 8 at 5; filing 8-13. The petitioner remains detained in the Lincoln County Jail in North Platte, Nebraska. Filing 8 at 5. She has been living in the United States continuously for over eight years, and has one child who is a United States citizen. Filing 1 at 4.

## DISCUSSION

The government's primary argument is that the petitioner was "seeking admission" to the United States when detained, and is subject to detention without bond pursuant to § 1225(b)(2)(A). *See* filing 6 at 5-6 (citing *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)). But the Court agrees with the petitioner that *Avila* is distinguishable, because the petitioner was on conditional parole pursuant to 8 U.S.C. § 1226(a)(2)(B) when she was detained. *See Dos Santos Silva v. Warden, Lincoln Cnty. Det. Ctr.*, No. 8:26-cv-131, 2026 WL 926725 (D. Neb. Apr. 6, 2026).

Nor does the procedure—or more to the point, lack of procedure—by which the petitioner's release was revoked comport with due process. *See Dhillon v. Mullin*, No. 8:26-CV-229, 2026 WL 1587371, at *3 (D. Neb. June 3, 2026). There is nothing in the record suggesting that any qualifying officer exercised discretion to revoke the petitioner's release. *See* 8 C.F.R. §§ 236.1(c)(9), 1236.1(c)(9). Nor does anything in the record indicate why it was revoked—nothing suggests that the petitioner failed to abide by the conditions of her release other than the arrest (not conviction—arrest) which brought her to the government's attention. And the record doesn't indicate the petitioner was given any notice or opportunity to respond to . . . whatever it is that the government thinks warranted revocation. Accordingly, the Court finds that

> [a] lesser measure, like ordering a bond hearing, cannot cure the fact that [the petitioner] is detained while [her] conditional parole is still ongoing because it has not been properly terminated. To remedy that breach, [she] must be released and put in the same position [she] was in before [her] re-detention—i.e., on conditional parole subject to the conditions set out in the order of release on recognizance.

*See Sandhu v. Mullin*, No. 7:26-CV-5009, 2026 WL 1146643, at *5 (D. Neb. Apr. 28, 2026) (quotations and citations omitted).[1] Nothing in this

---

[1] The Court acknowledges the "alternative" findings made by the immigration judge regarding the petitioner's alleged flight risk and danger to the community. *See* filing 8-13 at 1. The government doesn't rely on those findings, *see* filing 6, and the Court is not persuaded they change the result in any event. Because the immigration judge repeatedly denied the petitioner's bond request on jurisdictional grounds, the Court doubts that the petitioner *actually* received an individualized assessment of flight risk or danger. *See id.* at *6 n.2.

memorandum and order invalidates the immigration judge's denial of bond, nor the pending removal proceedings against the petitioner. "But the government's custody of a person without regard for its own regulations is an unlawful detention indeed." *Dhillon*, 2026 WL 1587371, at *3.

Nothing in this order precludes the government from seeking to revoke the petitioner's release in the future if circumstances warrant her re-detention.

> But if the government elects to pursue that outcome, it must conform itself to the promises it made and justify the change based on [her] individual circumstances. To comport with due process, that means the government would need to provide [her] with notice and a pre-deprivation hearing, in which the government bears the burden of establishing by clear and convincing evidence that [she] is a flight risk or danger to the community.

*Sandhu*, 2026 WL 1146643, at *6 (citations and quotations omitted). Accordingly,

IT IS ORDERED:

1. The Petition for Writ of Habeas Corpus (filing 1) is granted.

---

Those doubts are heightened by the fact that there is nothing in the record to even remotely substantiate those findings. It is difficult to see how the petitioner could be more of a flight risk now, after living in the United States for several years with her child, than she was when she arrived here in 2018. And there is nothing in the record to support the immigration judge's reference to a "criminal history" other than an arrest on charges that don't appear to have led to a conviction. *See id.*

2. The government shall immediately release the petitioner from custody with no new conditions, shall return any personal property seized from her when detained, and shall return her to Columbus, Nebraska, or provide her with the means to do so.

3. If the government wishes to re-detain the petitioner pending her removal proceedings, it must provide the petitioner with sufficient notice and a hearing before an immigration judge, at which the government will be required to prove by clear and convincing evidence that the petitioner poses a flight risk or danger to the community.

4. No later than **September 11, 2026**, the government shall file a status report certifying compliance with this Order.

Dated this 8th day of September, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge